UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MICHAEL A. MURPHY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | No. 3:19-cv-00487 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Petitioner Michael A. Murphy, an inmate of the Rutherford County Sheriff's Office, filed a pro se petition for a writ of habeas corpus, alleging that he is not receiving all of the pre-trial jail credit days to which he is entitled. (Doc. No. 1).

## I. Preliminary Matters

The petitioner does not specify under which statute he seeks habeas relief. In his petition, he alleges that he is not receiving credit for all of the days he served in jail before his state criminal trial. According to the petitioner, he is "due the entire eight (8) days a month for the entire 317 days pre-trial jail confinement" which amounts to 84 days; however, according to the petitioner, he is only receiving 48 days of pre-trial jail credit. (Doc. No. 1 at 3-5).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United *States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). An

1

incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2005); *Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 372 (6th Cir. 2001). *But see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

The court finds that the instant petition should be construed as having been filed pursuant to Section 2241 since the petition advances claims pertaining to the computation of the petitioner's sentence and the application of pre-trial jail credits.

## II.     Rule 4 Examination of Petition for Writ of Habeas Corpus

The Rules Governing Section 2254 Cases apply to habeas petitions filed under 28 U.S.C. § 2241. Rule 1(b), § 2254 Rules. Under Rule 4, Rules Governing Section 2254 Cases, the court is required to review a petition filed under Section 2241 promptly and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The court's preliminary review under Rule 4 reveals at least one potential deficiency with the instant petition: the petitioner has not exhausted available state court remedies.

Petitioners must first exhaust their available state court remedies prior to filing a Section 2241 petition. *See Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 810 & n.4 (6th Cir. 2012); *Ali*, 431 F.3d 896, 897-98. Here, the petition alleges that the petitioner is not receiving all of the pre-trial jail credit days to which he is entitled. In Tennessee, prisoners have a statutory right to jail credit for "time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried." *State v. Henry*, 946

S.W.2d 833, 834 (Tenn. Crim. App. 1997) (citing Tenn. Code Ann. § 40-23-101(b)). The trial court is responsible for awarding prejudgment jail credit, and a challenge to the award of prejudgment jail credit must be brought in the trial court. *See Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *Henry*, 946 S.W.2d at 834. The Tennessee Supreme Court recently has clarified that the appropriate procedural mechanism for challenging the award of jail credit is through a motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36. *See Order, Anderson v. Washburn*, No. M2018-00661-SC-R11-HC (Tenn. June 27, 2019) (explaining that failure to award pretrial jail credit is not a cognizable ground for relief in a state habeas corpus petition or a motion to correct an illegal sentence).

A prisoner challenging the award of post-judgment sentence reduction credits, such as "good time" or behavior credits, must follow the procedures of the Uniform Administrative Procedures Act ("UAPA"). *See Yates*, 371 S.W.3d at 155 ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively."). The same is true for a challenge to the sentence expiration date or release eligibility date. *See Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006); *see also* Tenn. Code Ann. § 40-35-501(r); *Shorts v. Bartholomew*, 278 S.W.3d 268, 277-78 (Tenn. 2009).

In order to exhaust under the UAPA, a petitioner first must seek a declaratory order regarding the sentence calculation from TDOC. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-5-225(b)). If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578.

It does not appear that the petitioner has exhausted a claim predicated on the award of prejudgment jail credit. The petition does not allege that, prior to seeking habeas corpus relief in federal court, the petitioner filed a motion in the state trial court seeking the application of his prejudgment jail credit. After the petitioner files such motion and the trial court rules on the motion, the petitioner will need to complete an appeal to the Tennessee Court of Criminal Appeals in order to exhaust his state court remedies with respect to this claim.

To the extent the petitioner advances a claim predicated on the calculation of his sentence expiration date or the award of sentence reduction credits, it appears he has not yet exhausted that claim either. It does not appear that the petitioner has availed himself of the remedies under the UAPA with respect to any such claim. *See Stewart*, 368 S.W.3d 457, 464-65 (explaining the applicable procedure under the UAPA and stating that "an inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA"); *see also Cooksey v. Leibach*, No. 3:14-cv-01105, 2014 WL 5589898, at *3-4 (M.D. Tenn. Nov. 3, 2014) (dismissing habeas corpus petition without prejudice where petitioner failed to exhaust a sentencing claim through Tennessee's UAPA); *see also Anter v. Tenn. Dep't of Corr.*, No. 3:19-cv-00305, 2019 WL 2075888, at *2-3 (M.D. Tenn. May 10, 2019) (reviewing state remedies for exhaustion of claim that a state prisoner was denied "street time" credit); *Bru'ton v. Johnson*, No. 3:15-cv-00884, 2016 WL 912283, at *5 (M.D. Tenn. Mar. 9, 2016) (finding that petitioner's § 2241 petition was unexhausted because petitioner challenging his sentence credits had not availed him of the remedies provided by UAPA). Therefore, the petition is subject to dismissal without prejudice until the petitioner properly exhausts his state court remedies for challenging his sentence. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The court acknowledges the petitioner's frustration with trying to calculate and understand the application of his sentence credits. If the petitioner disagrees with Tennessee Department of Correction's calculation of his sentence credits, he can challenge the calculation by way of the methods described above while exhausting his state court remedies. Only after doing so may he challenge that calculation in federal court.

## III. Conclusion

After conducting a preliminary review of the petitioner's Section 2241 petition under Rule 4, Rules Governing Section 2254 Cases, it appears that the petition should be dismissed as unexhausted. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge