**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL A. MURPHY,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 3:19-cv-00487** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **STATE OF TENNESSEE DEPARTMENT** | ) | |
| **OF CORRECTIONS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael A. Murphy, an inmate of the Rutherford County Sheriff's Office, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). The petitioner alleges that he is not receiving credit for all of the days he served in jail before his state criminal trial. According to the petitioner, he is "due the entire eight (8) days a month for the entire 317 days pre-trial jail confinement" which amounts to 84 days; however, according to the petitioner, he is only receiving 48 days of pre-trial jail credit. (Doc. No. 1 at 3-5). The respondent has filed a motion to dismiss the petition. (Doc. No. 11).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation

1

of parole or sentencing credits. *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2005); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001). *But see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

The Rules Governing Section 2254 Cases apply to habeas petitions filed under 28 U.S.C. § 2241.  Rule 1(b), § 2254 Rules.  Under Rule 4, Rules Governing Section 2254 Cases, the court is required to review a petition filed under Section 2241 promptly and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  The court's preliminary review under Rule 4 reveals that the petitioner is not entitled relief in this court.

This court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2008) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citations omitted)). "'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, (1969) (internal quotation marks omitted). "[M]ootness is a jurisdiction question." *Demis*, 558 F.3d 508, 511 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, (1990)). The requirement of a case or controversy exists throughout every stage of a federal judicial proceeding. *Id*. (citing *Lewis*, 494 U.S. at 477-78).

A prisoner's challenge to the validity of his conviction "always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Id*. (citing *Spencer v. Kemna*, 523 U.S. 1, 7  (1998)). "Once a prisoner's sentence

has expired, however, 'some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained.'" *Id*. (quoting *Spencer*, 523 U.S. 1, 7) (internal quotation marks omitted)). Thus, to establish jurisdiction in the instant case, "'it is not enough that a dispute was alive when [Murphy's] habeas corpus petition was filed in the district court. [Murphy] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision.'" *Id*. (quoting *Brock v. United Stated Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007)).

Here, the petitioner challenges the calculation of his sentence. He does not challenge any collateral consequence resulting from his conviction. He did not seek any damages or other relief from any alleged injuries that would persist after his release. He only sought to have the court rule that he was entitled to more pre-trial jail credit. The petitioner was released from the custody of the Rutherford County Jail on October 28, 2019, due to the expiration of his felony sentences in Case F71644. (Doc. No. 11, Attach. 1 at 1). Because the petitioner's sentence has expired and he has been released from state custody, there is no actual injury that is capable of being redressed by a favorable judicial decision in this case. Therefore, this action is moot and must be dismissed. *See Demis*, 558 F.3d 508, 512 (affirming district court's finding that § 2241 petition seeking injunctive and declarative relief was moot after prisoner was released from custody).

Because the petitioner already has been released from custody, this court can no longer offer any meaningful relief. Therefore, the petition is **DENIED AS MOOT**, and this action is hereby **DISMISSED**.

_____
Aleta A. Trauger
United States District Judge